IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ISAIAH DUJUAN MARSHALL, #312216, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:22-CV-148-MHT-SMD ) |
| KAY IVEY, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Isaiah Dujuan Marshall filed this pro se 42 U.S.C. § 1983 action on or around March 28, 2022. *See* Doc. 1. At that time, Plaintiff did not pay the requisite filing and administrative fees, and instead moved to proceed in forma pauperis. *See* Doc. 2. On March 30, 2022, the Court issued an Order directing Plaintiff to file a prison account statement showing the average monthly balance in and average monthly deposits to his prison account for the six-month period immediately preceding the filing of his Complaint. Doc. 3. The Court specifically cautioned Plaintiff that, if he failed to comply with that Order, the undersigned Magistrate Judge would recommend dismissal of this case. *Id.* at 2. The deadline for Plaintiff to comply with or otherwise respond to the March 30 Order was April 13, 2022; however, to date, Plaintiff has done neither.

Because of Plaintiff's failure to comply with a Court order and failure to prosecute this action, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon

disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to either pay the requisite filing and administrative fees or file a sufficient motion to proceed in forma pauperis, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **May 12, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the

Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of April, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE